UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CAMERON WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-CV-0575-CVE-CDL |
| ) | |
| ALLSTATE VEHICLE AND ) | |
| PROPERTY INSURANCE COMPANY, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

Now before the Court is Plaintiff's Motion for Remand and Brief in Support (Dkt. # 10). Plaintiff Cameron Walker argues that defendant Allstate Vehicle and Property Insurance Company (Allstate) has failed to prove that the amount in controversy exceeds $75,000, and he asks the Court to remand the case to Tulsa County District Court. Allstate responds that the notice of removal contains a plausible allegation that the amount in controversy exceeds the threshold for diversity jurisdiction, and the legal authority relied upon by plaintiff suggesting that a defendant must provide a detailed economic analysis of the amount in controversy in the notice of removal is no longer good law.

On September 26, 2025, plaintiff filed this case alleging claims of breach of insurance contract and bad faith against Allstate. Dkt. # 2-2. Plaintiff's petition wholly fails to describe the nature of the insurance claim giving rise to this case, but he claims that Allstate "failed, refused, undervalued, and neglected to pay Plaintiff's claim." Id. at 1. Plaintiff seeks actual damages for the denial of his insurance claim and Allstate's bad faith claims handling, plus damages for emotional distress, punitive damages, attorneys fees, and the costs of the action. Id. at 3-4. Plaintiff states that he is seeking damages in an amount of $75,000 or less. Id. at 4. Allstate removed the case to federal

court on the basis of diversity jurisdiction, even though plaintiff was not expressly seeking damages in excess of $75,000. Allstate acknowledges that plaintiff states that he is seeking $75,000 or less in recovery, but Allstate alleges that plaintiff claims that it will cost $39,240.50 to repair his home. Dkt. # 2, at 3. Using this number as a starting point for actual damages for plaintiff's breach of contract damages, Allstate also contends that plaintiff is seeking damages for bad faith claims handling, emotional distress, punitive damages, and attorney fees and costs, and it is plausible that the amount in controversy exceeds $75,000. Id. Allstate contacted plaintiff's counsel to determine whether plaintiff would stipulate that he was not seeking to recover an amount in excess of $75,000, and Allstate agreed to file a joint motion to remand if plaintiff would make such stipulation. Dkt. # 14-2, at 3. Plaintiff's counsel agreed with the request to file a joint motion to remand, but he rejected Allstate's request for plaintiff to sign a stipulation that he would not accept a recovery in excess of $75,000. Id. at 2.

Plaintiff asks the court to remand this case to Tulsa County District Court, because Allstate has not met its burden to show that the amount in controversy exceeds $75,000. Federal courts are courts of limited jurisdiction, possessing only that power authorized by the Constitution and statute. Kokkonen v. Guardian Life Ins. of Am., 511 U.S. 375, 377 (1994). A case must be remanded to state court if at any time before final judgment it appears the court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). Allstate asserts that this Court has jurisdiction under 28 U.S.C. § 1332(a)(1). Dkt. # 2, at 1-2. Section 1332(a)(1) grants federal courts jurisdiction over civil actions in which the amount in controversy exceeds $75,000 and the suit is between citizens of different states.[1]  28 U.S.C. § 1332(a).

---

[1]  Plaintiff does not dispute that the diversity of citizenship requirement is met in this case.

In a notice of removal, the defendant is required to include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dart Cherokee Basin Operating Co. v. Owens, 574 U.S. 81, 89 (2014). If the plaintiff contests, or the court questions, the removing defendant's allegations regarding the amount in controversy, the defendant may need to provide evidence establishing that the amount in controversy exceeds $75,000. Id. However, the notice of removal does not need to contain evidence establishing the amount in controversy by a preponderance of the evidence, as a dispute about the plausibility of the defendant's allegation concerning the amount of controversy cannot arise until after the notice of removal has been filed. Id. The Tenth Circuit has explained that the amount in controversy is not "proof of the amount the plaintiff will recover," but is an "estimate of the amount that will be put at issue in the course of the litigation." McPhail v. Deere & Co., 529 F.3d. 947, 956 (10th Cir. 2008).

The notice of removal relied on the correct standard for Allstate's assertion of the amount in controversy, which is that a defendant must make a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Dkt. # 2, at 3. Allstate acknowledges that plaintiff's petition does not claim that the amount in controversy exceed $75,000. However, plaintiff claims actual damages for repairs to his home in the amount of $39,240.50, plus damages for bad faith handling of his insurance claim, emotional distress, punitive damages, and attorney fees. Id.; Dkt. # 2-2, at 4. Allstate asked plaintiff to stipulate that he would not seek damages in excess of $75,000 and even agreed to the filing of a joint motion to remand if plaintiff would agree to the stipulation. Dkt. # 14-2, at 4. However, plaintiff refused to sign the stipulation and refuses to stipulate that he is seeking $75,000 or less in recovery. By itself, plaintiff's refusal to stipulate that his damages do not exceed $75,000 does not show that the amount in controversy actually exceeds

$75,000. However, the Court will consider this a factor along with the allegations of plaintiff's petition and the notice of removal, as well as the evidence of estimated repair costs provided by Allstate.

Plaintiff contends that the damage estimate of $39,240 is approximately half of the amount in controversy necessary to establish diversity jurisdiction, and defendant has not come forward with other evidence tending to show that the amount in controversy exceeds $75,000. Dkt. # 15, at 1-2. Plaintiff ignores that the estimate for repairs to his home goes primarily to his damages for breach of contract, and he is also seeking to recover damages for bad faith handling of his insurance claim. It is reasonable to assume that plaintiff is seeking additional damages for bad faith claims handling, as his petition asserts that he suffered "emotional distress, loss of monies, and other damages" due to Allstate's improper handling of his insurance claim. Id. at 3. The Court must also consider plaintiff's allegations that he is seeking punitive damages, attorney fees, court costs, and interest on any damages awarded to him. Id. at 4. Plaintiff does not dispute any of the jurisdictional facts stated in the notice removal, and he has not presented any evidence tending to show that the estimate of repair costs is not a reliable starting point for the determination of the amount in controversy. Plaintiff's allegations, the facts alleged in the notice of removal, and plaintiff's refusal to stipulate that he will not accept a recovery in excess of the jurisdictional amount provide a sufficient basis for the Court to conclude that the amount in controversy exceeds $75,000. The Court would consider a joint motion to remand if plaintiff were to stipulate that he would not accept a recovery in excess of $75,000, but plaintiff's motion to remand for lack of subject matter jurisdiction is denied.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Remand and Brief in Support (Dkt. # 10) is **denied**.

**DATED** this 24th day of February, 2026.

CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE